**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**BRUCE TATE,**

**Plaintiff,**

**v.** **Case No. 25-CV-769**

**HOFFMASTER,**

**Defendant.**

# ORDER

## 1. Background

Bruce Tate, representing himself, filed this action on May 27, 2025. (ECF No. 1.) He alleged that he was subject to "harassment" by his coworkers that he refers to as "consistent aggressive continuous racism and harassment [that] created an unsafe working environment." (ECF No. 7 at 3.) He alleged that he tried to report these incidents but was told that policies did not apply to him or was dissuaded from reporting. (ECF No. 7 at 3-4.) He also alleged that, because he is black, Hoffmaster re-wrote his medical restrictions to meet Hoffmaster's business needs. (ECF No. 7 at 5.)

Currently before the court is the Hoffmaster's motion for summary judgment. (ECF No. 23.)

In accordance with Civil Local Rule 56(a), Hoffmaster's motion stated:

**<u>NOTICE TO PRO SE LITIGANT</u>**

**ANY FACTUAL ASSERTION IN HOFFMASTER'S AFFIDAVITS, DECLARATIONS, OR OTHER ADMISSIBLE DOCUMENTARY EVIDENCE WILL BE ACCEPTED BY THE COURT AS BEING TRUE UNLESS YOU SUBMIT YOUR OWN AFFIDAVIT, DECLARATION, OR OTHER ADMISSIBLE DOCUMENTARY EVIDENCE CONTRADICTING THE FACTUAL ASSERTION.**

**Further Rules of Procedure Attached as Exhibit A.**

(ECF No. 23 at 1 (emphasis in original).) Hoffmaster also provided Tate with Federal Rule of Civil Procedure 56(c), (d) and (e) and Civil Local Rule 56. Moreover, the court's first order in this action stated: "The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action." (ECF No. 3 at 7.) Despite these warnings, Tate did not respond to Hoffmaster's motions. Accordingly, all of Hoffmaster's proposed findings of fact are deemed admitted for purposes of summary judgment. *See* Fed. R. Civ. P. 56(e)(2); Civ. L.R. 56(b)(4). Tate also did not respond to Hoffmaster's requests to admit. (ECF No. 25, ¶ 3.) As a result, all of the requests are deemed admitted. Fed. R. Civ. P. 36(a)(3).

**2. Undisputed Facts**

Hoffmaster hired Tate as a shipper in July 2021. (ECF No. 28, ¶ 9.) He received the same training as other employees. (ECF No. 28, ¶ 80.) Tate consistently had performance issues and attendance problems that resulted in verbal warnings and formal discipline. (ECF No. 28, ¶¶ 11, 15, 17.) On September 9, 2021, Hoffmaster learned that Tate was loading trailers without checking paperwork or scanning

products. (ECF No. 28, ¶ ¶ 12-13.) This led to Tate's supervisor explaining to him that such actions were unacceptable. (ECF No. 28, ¶ 14.) After Tate missed five scheduled shifts in five weeks, Hoffmaster issued Tate a written warning on November 23, 2021, informing him that any further missed shifts may result in his discharge. (ECF No. 28, ¶¶ 17, 43.)

In May 2022, Tate complained to his supervisors that other employees were harassing him. (ECF No. 28, ¶ 18.) Hoffmaster met with Tate to obtain additional information, and Tate refused to provide any details. (ECF No. 28, ¶ 20.) Tates said he decided not to report his coworkers. (ECF No. 28, ¶ 20.)

On September 27, 2022, a coworker of Tate's complained to a Hoffmaster official about Tate's behavior which included yelling and intimidation. (ECF No. 28, ¶¶ 22-26.) When Hoffmaster discussed the report with Tate, Tate accused the coworker of being racist. (ECF No. 28, ¶ 26.) When asked to explain, Tate responded, "I am not going to answer that. I will handle it myself." (ECF No. 28, ¶ 26.) Tate again said he was being harassed because of his race, but when asked for additional details, he was abrasive and rude and refused to provide any. (ECF No. 28, ¶ 27.) Tate did not report any other incidents of alleged racial harassment to Hoffmaster. (ECF No. 28, ¶ 28.)

During his employment, Tate made at least 12 requests for medical accommodations. (ECF No. 28, ¶ 29.) Hoffmaster approved each request. (ECF No.

28, ¶ 30.) He never reported any instance of having allegedly been forced to work in contravention of his medical accommodations. (ECF No. 28, ¶ 35.)

Tate's attendance problems continued. He was issued written warnings for violations on July 21, 2022, and January 18, 2023. (ECF No. 28, ¶ ¶ 44-45.)

After Tate filed a charge with the EEOC, Hoffmaster did not retaliate against him. (ECF No. 28, ¶ 79.) Indeed, it never took any unlawful employment action against Tate. (ECF No. 28, ¶ 81.)

### 3. Summary Judgment

"A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law." *Hotel 71 Mezz Lender Ltd. Liab. Co. v. Nat'l Ret. Fund.*, 778 F.3d 593, 601 (7th Cir. 2015). The court does not "weigh the evidence and determine the truth of the matter" but rather "determine[s] whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The movant has the burden to show that summary judgment is appropriate. *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 934 (7th Cir. 2021). The court will "read the facts and draw all reasonable inferences in the light most favorable to the non-moving party." *Flowers v. Kia Motors Fin.*, 105 F.4th 939, 945 (7th Cir. 2024). Nonetheless, the non-movant must go beyond mere allegations and conclusions and instead support its contentions with proper documentary evidence. *Foster v. PNC Bank*, 52 F.4th 315, 320 (7th Cir. 2022); *Weaver*, 3 F.4th at 934. Speculation is insufficient to create a genuine dispute of material fact. *Id.* If the movant sustains its

burden and shows both that there are no disputed material facts and that it is entitled to judgment as a matter of law "[t]he court shall grant summary judgment …." Fed. R. Civ. P. 56(a).

**4. Analysis**

Tate alleges racial discrimination under Title VII of the Civil Rights Act of 1964. Specifically, he alleges that he suffered a hostile work environment and adverse employment actions due to his race.

**4.1. Hostile Work Environment**

"An actionable hostile environment claim requires the plaintiff to prove: (1) that the work environment was both subjectively and objectively offensive; (2) that the harassment was based on membership in a protected class; (3) that the conduct was severe or pervasive; and (4) that there is a basis for employer liability." *Alexander v. Casino Queen, Inc.*, 739 F.3d 972, 982 (7th Cir. 2014) (quoting *Mendenhall*, 419 F.3d at 691). Relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Alexander*, 739 F.3d at 982 (quoting *Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005)).

An employer is liable for harassment committed by a co-worker only if it fails to take reasonable steps to discover and remedy harassment. *Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 426 (7th Cir. 2004). Whether the employer's actions were reasonable depends on the gravity of the harassment. *Id.* at 426.

The only time that Tate reported being subject to racial harassment Hoffmaster investigated. (ECF No. 28, ¶ 18.) Rather than providing details, Tate at best provided vague allegations and generally refused to provide any additional information. (ECF No. 28, ¶¶ 20, 64.) Although Tate in his amended complaint referred to other coworkers, none of those people made any racially offensive comment to him. (ECF No. 28, ¶¶ 65, 68, 70, 72.)

No reasonable finder of fact could conclude that Hoffmaster is liable for the racially hostile work environment that Tate allegedly suffered. Accordingly, Hoffmaster is entitled to summary judgment on Tate's hostile work environment claim.

**4.2. Adverse Employment Action**

Title VII of the Civil Rights Act of 1964 proscribes racial discrimination in employment. Although there are various tests and methods of proof, "[a]t bottom, the question 'is simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action.'" *Abebe v. Health & Hosp. Corp. of Marion Cty.*, 35 F.4th 601, 606 (7th Cir. 2022) (quoting *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016)).

It is undisputed that Hoffmaster never denied Tate any employment opportunity given to any similarly situated employee. (ECF No. 28, ¶ 83.) It never disciplined him for rule violations disproportionately to white employees. (ECF No. 28, ¶ 84.) Hoffmaster never took any unlawful employment action against Tate. (ECF

No. 28, ¶ 81.) Insofar as Tate may have alleged that he suffered retaliation for having filed a complaint with the EEOC, it is likewise undisputed that Hoffmaster did not retaliate against him for his EEOC charge. (ECF No. 28, ¶ 79.)

Accordingly, Tate's employment discrimination claim fails as a matter of law. He did not suffer any adverse employment action because of his race or because of any protected activity.

**IT IS THEREFORE ORDERED** that Hoffmaster's motion for summary judgment is **granted**. Tate's amended complaint and this action are dismissed with prejudice. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 17th day of September, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge